**ELECTRONICALLY FILED**

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CASE NO.: 15-cv-_____

3-15-cv-728-CRS

BETTY BOVINET,                                                                            PLAINTIFF


v.                                        **NOTICE OF REMOVAL**


DIVERSICARE HEALTHCARE SERVICES, INC.;
DIVERSICARE OF SENECA PLACE, LLC; and
DIVERSICARE MANAGEMENT SERVICES CO.,                             DEFENDANTS

*   *   *   *   *   *   *   *   *   *   *   *   *   *   *

Defendants, Diversicare Healthcare Services, Inc.; Diversicare of Seneca Place, LLC; and Diversicare Management Services Co., for their Notice of Removal from the Jefferson Circuit Court to the United States District Court for the Western District of Kentucky, Louisville Division, state as follows:

1.      On August 21, 2015, Betty Bovinet ("Plaintiff") filed a Complaint in the Jefferson Circuit Court styled, *Betty Bovinet v. Diversicare Healthcare Services, Inc.; Diversicare of Seneca Place, LLC; and Diversicare Management Services Co.,* Commonwealth of Kentucky, Jefferson Circuit Court, Case No. 15-CI-04347.

2.      The Complaint alleges Defendants were negligent in the care and treatment of Betty Bovinet. Plaintiff seeks to recover compensatory damages, as well as punitive damages against Defendants.

3.      Diversicare Healthcare Services, Inc.'s registered agent in Delaware was served with the Summons and the Complaint on August 25, 2015.

4.      Diversicare of Seneca Place, LLC was served with the Summons and the Complaint on August 25, 2015.

5.      Diversicare Management Services Co. was served with the Summons and the Complaint on August 25, 2015.

6.      This Court has jurisdiction to hear this matter pursuant to 28 U.S.C. §1332 based upon diversity jurisdiction.

7.      Upon information and belief, Plaintiff, Betty Bovinet, is a resident and citizen of Jefferson County, Kentucky.

8.      Defendant, Diversicare Healthcare Services, Inc., at all times relevant hereto, was and is a foreign corporation organized under the laws of the State of Delaware, with its principal place of business in Brentwood, Tennessee.

9.      Defendant, Diversicare of Seneca Place, LLC, at all times relevant hereto, was and is a foreign limited liability company organized under the laws of the State of Delaware with its principal office in Brentwood, Tennessee. None of its members are citizens or residents of the Commonwealth of Kentucky.

10.     Defendant, Diversicare Management Services Co., at all times relevant hereto, was and is a foreign corporation organized under the laws of the State of Tennessee, with its principal place of business in Brentwood, Tennessee.

11.     Thus, the parties are citizens and residents of different states and the requirement of complete diversity is satisfied. *See* 28 U.S.C. §1332(a).

12.     Pursuant to 28 U.S.C. §1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division

embracing the place where such action is pending." The Circuit Court of Jefferson County, Kentucky is located within the jurisdiction of the United States District Court for the Western District of Kentucky, Louisville Division. Therefore, venue is proper in this Court and division pursuant to 28 U.S.C. §1441(a).

13.     Based upon the allegations raised in the Complaint attached hereto, including Plaintiff's demand for punitive damages, this matter in controversy exceeds $75,000.00 in damages, exclusive of interest and costs.

14.     Pursuant to 28 U.S.C. §1332(a), this Court has jurisdiction over this action because it is facially apparent from Plaintiff's Complaint that Plaintiff is seeking damages in excess of the jurisdictional amount in controversy.  28 U.S.C. § 1441(a) provides that "any civil action brought in state court which the district courts have original jurisdiction may be removed by the defendant . . . to the district court of the United States for the district embracing the place where such action is pending."  Federal District Courts "shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and cost, and is between . . . citizens of different states."  28 U.S.C. §1332(a).  When determining whether a case meets the jurisdictional requirement for purposes of removal, courts should consider "whether it is 'facially apparent' from the complaint that the damages are 'likely above' the jurisdictional amount in controversy." *Rotschi v. State Farm*, 114 F.3d 1188, 1188 (6th Cir. 1997).  Accordingly, the amount in controversy requirement is satisfied. *See* 28 U.S.C. §1332(a).  Plaintiff seeks punitive and compensatory damages as well as attorney fees. Thus, it is facially apparent that Plaintiff is seeking damages in excess of the jurisdictional amount.

15.     This Notice of Removal has been filed within thirty (30) days of the date when the action became removable as required by 28 U.S.C. §1446(b). This Notice of Removal is

further consistent with 28 U.S.C. §1446(b) in that it has been filed within one year after the commencement date of this action.

16.      Pursuant to 28 U.S.C. §1446(a), copies of all process, pleadings, and orders served upon Defendants in the State Court Action are attached to this Notice as Exhibit "A."

17.      Pursuant to 28 U.S.C. §1446(d), a copy of this Notice of Removal is being served upon all parties and a copy is being filed with the Circuit Court of Jefferson County, Kentucky.

18.      Because 28 U.S.C. §1332(a) confers federal subject matter jurisdiction over this action, removal of this action to this Court is proper pursuant to 28 U.S.C. §1441.

**WHEREFORE**, Defendants, Diversicare Healthcare Services, Inc.; Diversicare of Seneca Place, LLC; and Diversicare Management Services Co., at all times relevant hereto give Notice of the removal of this action from the Circuit Court of Jefferson County, Kentucky, to the United States District Court for the Western District of Kentucky in the Louisville Division.

QUINTAIROS, PRIETO, WOOD & BOYER, P.A.

*/s/ J. Peter Cassidy, III*
J. Peter Cassidy, III, Esq.
2452 Sir Barton Way, Ste. 300
Lexington, KY  40509
859-226-0057
859-226-0059 – facsimile

- and -

Donald L. Miller, II, Esq.
9300 Shelbyville Rd., Ste. 400
Louisville, KY  40222
502-423-6390
502-423-6391 – facsimile
ATTORNEYS FOR DEFENDANTS

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on September 14, 2015, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system. I additionally certify that a true and accurate copy of the foregoing was served via U.S. mail, first class, postage prepaid, on the 14th day of September, 2015, upon:

Martha Marie Eastman, Esq.
Eastman Law Office, P.S.C.
3721 Taylorsville Road
Louisville, KY  40220

David Nicholson
Jefferson Circuit Clerk
Louis D. Brandeis Hall of Justice
600 W. Jefferson St., Rm. 2008
Louisville, KY  40202

*/s/ J. Peter Cassidy, III*
ATTORNEY FOR DEFENDANTS