UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE


BETTY BOVINET                                                              PLAINTIFF


v.                                              CIVIL ACTION NO. 3:15-CV-00728-CRS


DIVERSICARE HEALTHCARE SERVICES, INC.;
DIVERSICARE OF SENECA PLACE, LLC; and
DIVERSICARE MANAGEMENT SERVICES CO.                        DEFENDANTS

### MEMORANDUM OPINION

Plaintiff Betty Bovinet moves for dismissal of this matter without prejudice under Fed. R. Civ. P. 41(a)(2). Bovinet also moves to hold this Court's decision on Defendants' motion to compel arbitration in abeyance and/or for an extension of time to reply to that motion. The Court will deny Bovinet's motion to dismiss. The Court will grant Bovinet's motion for an extension of time.

### I.

Under Fed R. Civ. P. 41(a)(2), "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." "[T]he purpose of Rule 41(a)(2) is to protect the nonmovant ... from unfair treatment." *Smith v. Holston Med. Grp., P.C.*, 595 F. App'x 474, 477 (6th Cir. 2014) (citing *Grover by Grover v. Eli Lilly & Co.*, 33 F.3d 716, 718 (6th Cir. 1994)). The Court considers "whether permitting voluntary dismissal will cause the nonmovant to suffer plain legal prejudice, as opposed to the mere prospect of a second lawsuit." *Holston Med. Grp., P.C.*, 595 F. App'x at 477 (internal citations and quotations omitted). In determining

1

whether there will be plain legal prejudice, the court should consider "the defendant's effort and expense of preparation for trial, excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action, insufficient explanation for the need to take a dismissal, and whether a motion for summary judgment has been filed by the defendant." *Id.* (citing *Grover*, 33 F.3d at 718). "Whether dismissal should be granted under the authority of Rule 41(a)(2) is within the sound discretion of the district court." *Rosenthal v. Bridgestone/Firestone, Inc.*, 217 F. App'x 498, 500 (6th Cir. 2007) (internal citations and quotations omitted).

Bovinet's only argument is that she intends to name additional non-diverse defendants. Bovinet moves this Court to dismiss the action so she can re-file the claim in state court to include these non-diverse parties. A tactical attempt to defeat this Court's jurisdiction is an insufficient reason for this Court to dismiss the case under Fed. R. Civ. P. 42(a)(2), especially after Defendants have already filed a motion to compel arbitration. If Bovinet wishes to move this Court to include additional parties to this action, she may do so and the Court will review her motion under 28 U.S.C. § 1447(e).

The Court will deny Bovinet's motion to dismiss.

## II.

Bovinet also moves to hold this Court's decision on Defendants' motion to compel arbitration in abeyance until the Court decides Bovinet's motion to dismiss and Bovinet's supposed forthcoming motion to remand. Alternatively or in addition to that action, Bovinet moves for an extension of time to respond to Defendants' motion to compel arbitration.

Bovinet's motion to hold in abeyance is moot as this Court will deny Bovinet's motion to dismiss and Bovinet has not filed a motion to remand.

2

The Court prefers to decide issues fully briefed and on the merits. As such, the Court will grant Bovinet's motion for an extension of time for a period of twenty-one (21) days from the entry of the following order to respond to Defendants' motion to compel arbitration.

A separate order will be entered in accordance with this opinion.

October 29, 2015

**Charles R. Simpson III, Senior Judge**
**United States District Court**